

**SO ORDERED.**

**SIGNED this 03 day of August, 2005.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court

Western District of Texas
San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| WILBUR H. SPENCER & ELIZABETH A. SPENCER | 04-56950-C |
| *DEBTORS* | CHAPTER 7 |
| DAVID GRANATO, DEBORAH GRANATO & JEH-EAS, INC. | |
| *PLAINTIFFS* | |
| v. | ADV. PROC. NO. 05-5046-C |
| WILBUR SPENCER & ELIZABETH SPENCER | |
| *DEFENDANTS* | |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

CAME ON for consideration the foregoing matter. Plaintiff moves to amend the scheduling order in this adversary, in order to permit further discovery. Defendant objects, noting that no cause is shown, other than that the plaintiff has simply not yet completed discovery.

A review of the docket shows that a hearing was held on June 7, 2005, on the objection of these plaintiffs to the defendants' claimed exemptions. At that hearing, both parties agreed that there were present common issues of fact that made trial of that objection appropriate to be combined with trial of this adversary proceeding. The parties also agreed that the discovery deadline in the adversary proceeding should be extended, to accommodate additional discovery relevant to the added objection to exemption. No party at that time indicated any need for additional time to conduct their discovery with respect to the adversary proceeding itself.

The court, after considering the parties' presentations, agreed to extend the discovery deadline in this adversary proceeding to August 1, 2005. The deadline for dispositive motions was extended to August 16, 2005. The docket call setting for September 7, 2005 was retained. *See* Order [#8] Regarding Scheduling Order (June 23, 2005).

This motion to further amend the scheduling order was filed on Friday, June 29, 2005. The deadline for completion of discovery was the following Monday, August 1, 2005. The last-minute motion does not explain why the discovery sought had not been sought earlier. It simply says that defendants need more time. Defendants gave no indication at the hearing in early June (when the discovery deadline was first extended *to* August 1, 2005) that they were having difficulty getting discovery. If there was a problem getting the discovery they needed, then it was incumbent upon the plaintiffs to alert the court to the problem at that time. According to the defendants' response to this motion, plaintiffs have propounded four sets of discovery *requests* to four different banks on August 1, 2005 – the very day discovery was to have been completed. No explanation is offered for why these discovery requests were not or could not have been propounded months ago.

The motion also says that the plaintiffs (who presumably had the facts in hand when they filed this complaint) have not yet been able to *locate* two of their fact witnesses in order to *take their depositions* (indicating that, when the complaint was filed, the plaintiffs did not know what these fact witnesses would be saying). The motion finally asks that plaintiffs be able to take depositions up to August 31, 2005, and that written discovery be permitted so long as it can be answered before August 31, 2005. These deadlines extend two weeks beyond the deadline for filing dispositive motions, two days beyond the deadline for submitting a pretrial order, and less than a week before docket call preliminary to trial on the merits. The motion does not ask that these other deadlines be amended. If it did, then the motion would clearly cause prejudice to the defendants, by delaying trial.

It is especially noteworthy that the last minute discovery being sought here is evidently in aid of making out the *plaintiff's* case. This is not a question of the plaintiffs trying to ferret out the defendants' defenses. This is a case of the plaintiff finding the evidence for their case *after* they have already filed a complaint (which presumably had a good faith basis in law *and fact* when it was filed). Under no circumstances should a plaintiff be permitted to delay going to trial on that plaintiff's complaint so that that plaintiff can have more time to gather evidence to support the plaintiff's case – especially when the delay is opposed by defendants who are ready to go, and want justifiably to get the matter resolved sooner rather than later.

For the reasons stated, the motion to amend the scheduling order is denied.

# # #